IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMERICAN TOWERS LLC AND AMERICAN TOWER MANAGEMENT, LLC, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO: __ |
| vs. | § § § | |
| MARY HELEN LOPEZ, | § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

Plaintiffs American Towers LLC and American Tower Management, LLC (collectively, "Plaintiffs") file this Original Complaint complaining of Mary Helen Lopez ("Defendant") and state:

### Jurisdiction & Venue

1. The jurisdiction of this Court attaches under 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different states.

2. Venue is proper in this district and division under 28 U.S.C. § 1391(a) because the defendant resides in this district and division.

### Parties & Service of Process

3. American Towers LLC is a Delaware limited liability company. American Towers LLC has a single member, American Tower Corporation. American Tower Corporation is a Delaware corporation with its principal place of business in Boston, Massachusetts.

4. American Tower Management, LLC is a Delaware limited liability company. American Tower Management, LLC has a single member, American Tower Corporation. American Tower Corporation is a Delaware corporation with its principal place of business in Boston, Massachusetts.

5. Mary Helen Lopez, an individual, is a citizen of Texas for diversity purposes who may be served at 117 W. Avenue D, Robstown, Texas 78380, or wherever she may be found.

## Facts

6. On November 1, 2005, Defendant executed a Lease Agreement (the "2005 Lease"). A true and correct copy of the 2005 Lease is attached as Exhibit "A" and incorporated by reference. Per the agreement, Defendant is obligated to pay an annual license fee on November 1 of each year. In exchange, Defendant has the right to place equipment on a certain cellular tower operated by Plaintiffs, Plaintiffs' subsidiaries, and/or Plaintiffs' affiliates. The cellular tower is located in Corpus Christi, Texas. Despite enjoying the benefits of the cellular tower, Defendant has not paid the requisite license fees, and other related charges, for the years 2014 and 2015.

7. On July 17, 2012, Defendant executed a separate Lease Agreement (the "2012 Lease"). A true and correct copy of the 2012 Lease is attached as Exhibit "B" and incorporated by reference. Per the agreement, Defendant is obligated to pay, among other things, an annual license fee on July 1 of each year. In exchange, Defendant has the right to place equipment on a certain cellular tower operated by Plaintiffs, Plaintiffs' subsidiaries, and/or Plaintiffs' affiliates. The cellular tower is located in San Diego, Texas. Despite enjoying the benefits of the cellular tower, Defendant has not paid the requisite license fees, and other related charges, for the years 2014, 2015, and 2016.

8. Due to Defendant's failure to comply with the lease agreements, Plaintiffs retained the undersigned counsel to prosecute this matter. Plaintiffs provided Defendant with notice of the aforementioned defaults and provided an opportunity to cure. Defendant has failed and refused, and continues to fail and refuse, to cure her defaults.

## Causes of Action

### A. Breach of Contract

9. Plaintiffs incorporate by reference the preceding paragraphs as if fully stated herein.

10. Plaintiffs are parties to lease agreements with Defendant. Defendant breached both lease agreements by not making the requisite payments to Plaintiffs. Plaintiffs suffered damages as a result of Defendant's breaches.

### B. Quantum Meruit

11. Plaintiffs incorporate by reference the preceding paragraphs as if fully stated herein.

12. In the alternative, should the 2005 Lease be found to be no longer enforceable, American Towers LLC has provided, and continues to provide, valuable services Defendant. Defendant continues to accept the benefits of such services. Defendant knew that American Towers LLC expected, and continues to expect, payment for the services provided. Defendant has enjoyed and continues to enjoy the benefit of American Towers LLC's services.

## Attorneys' Fees

13. Plaintiffs incorporate by reference the preceding paragraphs as if fully stated herein.

14. Plaintiffs incurred, and will continue to incur, reasonable and necessary attorneys' fees, costs, and expenses as a result of Defendant's conduct. Plaintiffs are entitled to recover

reasonable and necessary attorneys' fees pursuant to the lease agreements executed by Defendant.

### Conditions Precedent

15. All conditions precedent have occurred, have been performed, or have been waived.

### Pre- and Post-Judgment Interest

16. Plaintiffs are entitled to recovery of lawful interest, both incurred pre-judgment and post-judgment.

### Prayer

WHEREFORE, Plaintiffs request that the Defendant be cited to appear and answer herein, and that the Court, upon final trial or hearing, enter judgment of and against Defendant, for the amounts due and owing under the applicable lease agreements, awarding Plaintiffs pre- and post-judgment interest, awarding Plaintiffs reasonable and necessary attorneys' fees, costs, and expenses, taxing all costs against the Defendant, and awarding Plaintiffs such additional and further relief as to which they may show themselves justly entitled.

Respectfully submitted,


By:  */s/ David L. Swanson*
David L. Swanson
  Attorney in Charge
  State Bar No. 19554625
  Southern District Admission No. 10992
  dswanson@lockelord.com
Jason R. Marlin
  Texas Bar No. 24050989
  Southern District Admission No. 612725
  jmarlin@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201
(214) 740-8000
(214) 740-8800 – Facsimile

Nicholas J. Demeropolis
  State Bar No. 24069602
  Southern District Admission No. 1094909
  ndemeropolis@lockelord.com
LOCKE LORD LLP
600 Travis
Houston, Texas  77002
(713) 226-1200
(713) 223-3717 – Facsimile
**COUNSEL FOR PLAINTIFFS**