IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **AMERICAN TOWERS LLC AND AMERICAN TOWER MANAGEMENT, LLC,** | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 2:16-cv-00424 |
| v. | § § | |
| **MARY HELEN LOPEZ,** | § § | |
| Defendant. | § § | |

### DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

The Defendant Mary Helen Lopez files this Motion to Set Aside Default Judgment.

### Jurisdiction and Venue

1. The Defendant does not dispute paragraphs 1 and 2 of the Jurisdiction and Venue of the Plaintiffs' Original Complaint.

### Parties & Service of Process

2. Defendant, Mary Helen Lopez, an individual, is a citizen of Texas and may be served at 117 W. Avenue D, Robstown, Texas 78380, or wherever she may be found.

3. Plaintiffs are American Towers LLC and American Tower Management, LLC, Delaware Limited Liability companies with their principal place(s) of business in Boston, Massachusetts.

**Facts**

4.     On November 1, 2005 a lease agreement was entered into. Plaintiffs allege that a debt is owed under the lease agreement. The Defendants had filed a counterclaim, an answer and the Defendant has retained Joe A. Flores to file his Notice of Appearance, the answer on Mary Helen Lopez's behalf, and this Motion to Set Aside the Default Judgment.

5.     On July 17, 2012, a separate lease agreement was reached (*see Plaintiff's Original Complaint Exhibits A & B*).

6.     The Defendants have filed their counterclaims of breach of contract and constructive eviction in addition to the seeking of attorney's fees, costs, expenses, pre and post judgment interests and a trial by jury.

**Arguments and Authorities**

7.     The Defendant attaches Exhibit B as his letters and conversations of the lawsuit between the attorneys as evidence of the need to set aside the default judgment. ***U.S. v. Harre, 983 F.2d 128, 129-30 (8th Cir. 1993)***.

8.     The court may have the authority to set aside a default judgment on its own initiative. ***Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 385-86 (7th Cir. 2008)***. Here in the instant case, there exists not only the discretion of the court but good cause for setting aside the entry of the default judgment. The Defendant's counsel has entered an attached affidavit which indicates he was not formerly retained to file an answer, had not had meaningful contact with the Defendant Mary Helen Lopez herself, and had been convalescing in from health care problems during the pendency of the Motion for Default Judgment and recovered after the default judgment was entered and was then out of the country in South America on a medical mission trip. Upon discovery of the default entered, retained

counsel of Mary Helen Lopez after consulting with Plaintiffs' counsel, filed this Motion. The granting of a default judgment would cause prejudice in the severest way to the Defendant but would not prejudice the Plaintiffs. *Enron Oil, 10 F3d at 96*. The additional factor is that there is a good-cause factor in that the Defendant has a prima facie meritorious defense as noted in the counterclaim and the Answer filed. *Dassault Systemes 663 F3d at 838-39*. Finally, the other good-cause factor to consider to set aside the default judgment was the conduct of not filing an answer was not willful. *Dassault Systemes at 838-39.*

9. The entry of a default would lead to a harsh result for the Lopez family who are already under great economic strain and the radio towers and communications to the Latino community serve a public interest. *In re OCA, Inc., 551 F3d 359, 369 (5th Cir. 2008).* Counsel for the Defendant acted expeditiously to correct the default by contacting the Plaintiffs, filing Motions, and has further provided explanation and has exhibited good faith. *See attached Exhibit B which are e-mails*. *Enron Oil, 10 F3d at 96.* (Failure to follow procedure was a mistake made in good faith).

10. Lastly, the Plaintiffs are a multi-million dollar corporation separately and together and have virtually limitless funds and therefore, the amount in controversy is great for the Defendant but to a much less degree to the Plaintiffs. *Indigo Am, Inc. 597 F.3d at 3.*

11. The Defendant has further filed an answer with a counterclaim involving allegations, if found to be true, would be a meritorious defense. *See Sony Corp. v. Elm State Electronics Inc., 800 F.2d, 317, 320-21 (2nd Cir. 1986).*

12. In addition, the Defendant asked the Plaintiff whether or not a Motion to Enlarge Time could be stipulated to and such a Motion shall be filed separately yet contemporaneously. *U.S. v. Melichar, 56 FRD 49, 50 (E.D. Wis. 1972).*

13. Furthermore, the Defense attorney has notified the Plaintiffs that he had some health problems he was recovering from and thereafter, medical volunteer trip out of the country and had not been formerly retained to appear for Mary Helen Lopez. Since then, he has been formerly retained, discovered the entry of the default judgment and seeking to cure any and all defects.

14. Lastly, the counsel for the Defendant had not been able to reach Mary Helen Lopez and she is the primary caretaker of an elderly parent.

15. Therefore, there is evidence that the Defendant had counsel and at least initially tried to defend and enter into settlement negotiations.

## Relief Sought and Prayer

16. This Motion is made in good faith so that justice may be served. The Defendant seeks under *FRCP 55(c)* and under *New York Life Ins. v. Brown, 84 F3d 137, 143 (5th Cir. 1996)*. The Defendant hereby contests the sufficiency of the complaint and also would argue that a trial on damages is the best means of accessing damages. Furthermore, the Defendant seeks relief under *28 U.S.C. § 1292 (b).* The Defendant asks the court that the Motion for Default Judgment be set aside, the case be set for trial including a pre-trial conference and scheduling order. This Motion is not for delay nor was the lack of response due to purposes to obstruct or delay the process.

Respectfully submitted,

/s/Joe A. Flores Attorney

Joe A. Flores
Federal No.: 37148
State Bar No.: 24032059
500 N. Water Street, Ste. 515
Corpus Christi, Texas 78401
Tel. (361) 887-8670
Fax (361) 887-8651

4

## **CERTIFICATE OF SERVICE**

    I, Joe A. Flores, Attorney for Mary Helen Lopez, hereby certify that I have served a copy of said Defendant's Motion to Set Aside Default Judgment to Mr. David Swanson and Mr. Nicholas Demeropolis via facsimile on this 17th day of February, 2017. I hereby certify that I conferred with David Swanson on February 16, 2017 and he is opposed to this Motion.

                                                   /s/ Joe A. Flores
                                                   Joe A. Flores

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **AMERICAN TOWERS LLC AND** | § | |
| **AMERICAN TOWER MANAGEMENT,** | § | |
| **LLC,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **CIVIL ACTION NO. 2:16-cv-00424** |
| v. | § | |
| | § | |
| **MARY HELEN LOPEZ,** | § | |
| | § | |
| Defendant. | § | |

---

## ORDER ON DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT
---

   Came to be heard, Defendant's Motion to Set Aside Default Judgment. After review of the motion the Court GRANTS said relief.

   SIGNED on this _____ day of _____, 20\_\_\_\_\_.

_____
JUDGE PRESIDING